**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JAMES STROUSE,

       Petitioner,

v.                                        Civil Action No. 3:12CV653

ERIC D. WILSON,

       Respondent.[1]

**MEMORANDUM OPINION**

James Strouse, a federal prisoner incarcerated in the Federal Correctional Institution in Petersburg, Virginia ("FCI Petersburg"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[2] ("§ 2241 Petition," ECF No. 25).

---

[1] Strouse named as respondents the BOP and a number of individuals. Eric D. Wilson, the Warden of FCI Petersburg correctly notes that he is the only proper respondent. (Mem. Law Supp. Mot. Summ. J. 1 n.1, ECF No. 32 (citing <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004)). Accordingly, the Clerk will be directed to amend the docket to reflect Wilson as the sole respondent.

[2] That statute provides, in pertinent part:

    **(c)** The writ of habeas corpus shall not extend to a prisoner unless—
        **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

Strouse challenges the decision of the Bureau of Prisons ("BOP") to revoke fourteen (14) days of Good Conduct Time.

Wilson has moved for summary judgment on the grounds that, _inter alia_, Strouse has failed to exhaust his administrative remedies.   Strouse has responded.   For the reasons set forth below, the Motion for Summary Judgment (ECF No. 31) will be granted.

During the course of these proceedings, the Court has admonished Strouse that:

> "habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of his confinement, see Preiser v. Rodriguez, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle.

(Mem. Order entered Jan. 24, 2013, at 1 (citing Olajide v. B.I.C.E., 402 F. Supp. 2d 688, 695 (E.D. Va. 2005).)[3]  Here, the only circumstance that impacts the duration of Strouse's confinement is the disciplinary hearing that resulted in the forfeiture of fourteen (14) days of Strouse's Good Conduct Time. Therefore, in analyzing the Motion for Summary Judgment, the Court focuses on whether Strouse has exhausted his

---

[3] Despite this admonition, Strouse has raised claims and filed motions for relief that fail to impact the fact or duration of his confinement.  Because Strouse has not properly exhausted his administrative remedies for the disciplinary hearing that resulted in the forfeiture of fourteen days of Good Conduct Time, it is unnecessary to list Strouse's individual claims for relief.

administrative remedies with the respect to that disciplinary hearing.

## I.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file."  Id. at 324 (internal quotation marks omitted).  When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id. (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving

party."   United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).   However, a mere scintilla of evidence will not preclude summary judgment.   Anderson, 477 U.S. at 251 (citing Improvement Co. v. Munson, 81 U.S. (14 Wall.) 442, 448 (1872)).   "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'"   Id. (quoting Munson, 81 U.S. at 448).   Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"   Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); see Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

Wilson asks the Court to dismiss the § 2241 Petition because Strouse failed to exhaust his administrative remedies. As the exhaustion of administrative remedies is an affirmative defense, Wilson bears the burden of pleading and proving lack of exhaustion.   Jones v. Bock, 549 U.S. 199, 216 (2007).   In support of his argument, Wilson submitted the declaration of Cornelia J. Coll, a Paralegal Specialist at the Federal

Correctional Complex in Butner, North Carolina.   (Mem. Law Supp.

Mot. Summ. J. Ex. 1 ("Coll Decl."), ECF No. 32-1.)

Additionally, Wilson submitted summaries of Strouse's various

Administrative Remedy Requests (Coll. Decl. Attach. 5) and,

inter alia, the Discipline Hearing Officer ("DHO") Report for

the charge that resulted in Strouse's loss of Good Conduct Time

(Coll Decl. Attach. 4, ECF No. 32-2 at 18-20 (as paginated by

the Court's CM/ECF docketing system).)   Strouse responded by

submitting an unsworn memorandum (ECF No. 51).   See United

States v. White, 366 F.3d 291, 300 (4th Cir. 2004) (observing

that unsworn argument in a memorandum fails to constitute

admissible evidence).   Additionally, Strouse attached a host of

correspondence to his memorandum which has little to no

relevance to the issue of whether he exhausted his

administrative remedies.   In light of the foregoing principles

and submissions, the facts set forth below are established for

purposes of the Motion for Summary Judgment.

## II.   SUMMARY OF PERTINENT FACTS

### A.   Strouse's Conviction Of An Institutional Offense

"On June 26, 2012, Incident Report Number 2319891 was

filed, charging Mr. Strouse with the Code 219A prohibited act of

Attempted Stealing." (Coll. Decl. ¶ 8 (citations omitted).)   On

July 10, 2012, a DHO conducted a hearing on Incident Report

Number 2319891.   (Id. ¶ 11 (citation omitted).)   The DHO found
Strouse not guilty of Attempted Stealing, but found Strouse
guilty of the institutional offense of Possession of Anything
Not Authorized.   (Id. (citation omitted); Coll Decl. Attach. 4,
ECF No. 32-2, at 19 (as paginated by the Court's CM/ECF
docketing system).)   The DHO sanctioned Strouse by, inter alia,
forfeiting fourteen (14) days of Strouse's Good Conduct Time.
(Coll Decl. Attach. 4, ECF No. 32-2, at 20 (as paginated by the
Court's CM/ECF docketing system).)

On September 12, 2012, the BOP provided Strouse with a copy
of the DHO's Report for Incident Report Number 2319891
(hereinafter "the DHO Report").   (Id.)

**B.    BOP's Grievance Procedure**

The BOP manages an Administrative Remedy Program "to allow
an inmate to seek formal review of an issue relating to any
aspect of his/her own confinement."    28 C.F.R. § 542.10(a).
Generally, a federal prisoner exhausts administrative remedies
by first attempting to resolve the matter informally.    See 28
C.F.R. § 542.13(a).   If informal resolution is unsuccessful, the
inmate must then submit "a formal written Administrative Remedy
Request, on the appropriate form (BP-9)," 28 C.F.R. § 542.14(a),
at his place of incarceration.   See 28 C.F.R. § 542.14(d).   "An
inmate who is not satisfied with the Warden's response may
submit an Appeal on the appropriate form (BP-10) to the

6

appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15(a).

However, an inmate, such as Strouse, who wishes to challenge the decision of DHO, does not file a BP-9 at his or her place of incarceration. See 28 C.F.R. § 542.14(d)(2). "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located," id., and shall be filed on a BP-10 form. See 28 C.F.R. § 542.15(b)(1). Appeals to the Regional Director must be accompanied by a copy of the response the inmate received at the institutional level that he or she wishes to appeal. 28 C.F.R. § 542.15(b)(1). "For DHO . . . appeals, each separate incident report number must be appealed on a separate form." 28 C.F.R. § 542.14(c)(2).

"An inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response." 28 C.F.R. § 542.15(a). "An inmate may not raise in an Appeal issues not raised in the lower level filings. An inmate may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." 28 C.F.R. § 542.15(b)(2).

As explained below, Strouse filed numerous administrative remedy requests, but he failed to follow the proper procedures for exhausting his administrative remedies with respect to

7

conviction and forfeiture of Good Conduct Time on Incident Report Number 2319891.   Specifically, Strouse failed to file with the Regional Director an appeal of Incident Report Number 2319891 on the BP-10 form with the DHO Report attached.

### C.   Strouse's Attempts At Exhaustion

In the period between May 1, 2012 and June 6, 2013, Strouse has filed forty-five (45) administrative remedy requests with the BOP.   (Coll Aff. ¶ 13.)   Only six of these administrative remedy requests pertain to Strouse's appeal of Incident Report Number 2319891 and the resulting loss of Good Conduct Time. (Id.)

On July 20, 2012, Strouse filed an administrative remedy request with the BOP's Mid-Atlantic Regional Office, in which he appealed from a DHO decision for a different Incident Report Number 2312762.   (Id. ¶ 15 (citing Attach. 5, at 7).)   In that administrative remedy request Strouse also mentioned Incident Report Number 2319891 (the present institutional offense). (Id.)   On August 14, 2012, the BOP rejected the appeal because it was not limited to a single incident and returned the same to Strouse for correction.   (Id.)

On July 25, 2012, Strouse filed an administrative remedy request with the Warden of FCI Petersburg, in which he challenged Incident Report 2319891 and the confiscation of his property and mail.   (Id. ¶ 16 (citing Attach. 5, at 7).) BOP

staff rejected the administrative remedy request because, <u>inter alia</u>, Strouse failed to submit evidence indicating that he had attempted to informally resolve the issue. (<u>Id.</u> (citing Attach. 5, at 7; Attach. 6, at 2).)

On August 1, 2012, Strouse resubmitted his administrative remedy request to the Warden. (<u>Id.</u> ¶ 17 (citing Attach. 5, at 7; Attach. 6, at 2).) BOP staff rejected the administrative remedy request on the same day because Strouse needed to file an appeal (a BP-10) with the Regional Director. (<u>Id.</u> (citing Attach. 5, at 9; Attach. 6 at 2).)

On August 10, 2012, Strouse submitted an administrative remedy request to the Mid-Atlantic Regional Office, appealing the DHO hearing and sanctions for Incident Report 2319891. (<u>Id.</u> ¶ 18 (citing Attach. 5, at 10; Attach. 6, at 3).) His appeal was rejected on August 31, 2012, based upon his failure to comply with procedures by attaching a copy the DHO Report. (<u>Id.</u> ¶ 18.)

Prior to receiving the August 31, 2012 rejection notice, on August 16, 2012, Strouse submitted another administrative remedy request to the Mid-Atlantic Regional Office, appealing the DHO hearing and sanctions for Incident Report 2319891. (<u>Id.</u> ¶ 19 (citing Attach. 5, at 11; Attach. 6, at 3).) On September 5, 2012, BOP staff rejected this administrative remedy request and

told Strouse to resubmit his appeal within twenty (20) days of receiving the DHO's Report. (Id.)

On September 12, 2012, the BOP provided Strouse the DHO Report. (Coll Decl. Attach. 4, ECF No. 32-2, at 20 (as paginated by the Court's CM/ECF docketing system).) Nevertheless, Strouse did not then file with the Mid-Atlantic Regional Office an appeal with the DHO Report attached. Instead, on September 25, 2012, Strouse filed an appeal with the BOP's Central Office regarding the DHO's sanctions for Incident Report 2319891. (Coll Decl. ¶ 20 (citing Attach. 5, at 18; Attach. 6, at 4).) On October 19, 2012, the Central Office rejected Strouse's appeal based upon his failure to comply with procedures. (Id. (citation omitted).) Specifically, the Central Office instructed Strouse to follow the directions provided in the Mid-Atlantic Regional Office's prior rejection notice and to refile his appeal with the Mid-Atlantic Regional Office with the DHO Report attached. (Id. (citation omitted).)

Strouse has not followed the above instruction. Specifically, Strouse has not refiled his appeal with the Mid-Atlantic Regional Office with respect to the decision of DHO for Incident Report 2319891, nor has he received a substantive response regarding the sanctions imposed in conjunction with that incident report. (Id.)

10

## III.  ANALYSIS

"Exhaustion is an important doctrine in both administrative and habeas law . . . ." Woodford v. Ngo, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate filing a § 2241 Petition, must properly exhaust his or her administrative remedies. McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," Woodford, 548 U.S. at 90, "'so that the agency addresses the issues on the merits.'" Id. (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). An inmate's failure to properly exhaust the administrative grievance process prior to filing his or her habeas petition may warrant dismissal of the petition. See Timms v. Johns, 627 F.3d 525, 531 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief") (citation omitted) (internal quotation marks omitted). The applicable prison rules "define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007).

Here, BOP rules required Strouse to file a BP-10 with the DHO Report attached in the Mid-Atlantic Regional Office within twenty (20) days of receiving the DHO Report on September 12,

11

2012.  See 28 C.F.R. § 542.15(b)(1).  Strouse failed to do so.
Therefore, he failed to properly exhaust his administrative
remedies for the disciplinary hearing that resulted in the
forfeiture of fourteen days of Good Conduct Time.  See Rosselli
v. Cozza-Rhodes, No. 12-CV-01770-BNB, 2012 WL 4378209, at *2-3
(D. Colo. Sept. 25, 2012) (concluding inmate failed to properly
exhaust challenges to sanctions by a DHO, when he did not attach
a copy of the DHO's report to his appeal).  Accordingly, the
§ 2241 Petition is subject to dismissal for lack of exhaustion.

Nevertheless, "a habeas petitioner's failure to complete
the administrative remedy process may be excused where his
failure is due to the administrator, rather than the
petitioner." Fazzini v. N.E. Ohio Corr. Ctr., 473 F.3d 229, 236
(6th Cir. 2006) (citing Norton v. Parke, 892 F.2d 476, 481 (6th
Cir. 1989)).  Strouse vaguely suggests that the Court should
excuse him from complying with the exhaustion requirement
because the prison "mailroom conspired to cause action of delay
or dismissal of plaintiff's administrative remedies."  (Pet'r's
Resp. 8, ECF No. 51 (citation omitted) (spelling corrected).)
Although Strouse describes difficulties he experienced with the
prison mailroom, he fails to provide a coherent explanation,
much less probative evidence, as to how BOP officials frustrated
his ability to file with the Regional Director a BP-10
accompanied by the DHO Report.  Strouse's "'[a]iry generalities

[and] conclusory assertions'" about a conspiracy are insufficient "'to stave off summary judgment.'" Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *7 n.5 (E.D. Va. Mar. 26, 2009) (alterations in original) (quoting United States v. Roane, 378 F.3d 382, 400-01 (4th Cir. 2004)).[4]  Moreover, the two-month delay in providing Strouse with the DHO Report fails to provide a basis for excusing Strouse from exhausting his administrative remedies.  See Staples v. Chester, 370 F. App'x 925, 929-30 (10th Cir. 2010) (concluding that a roughly eight-month delay in providing inmate with a copy of the DHO Report did not excuse inmate from exhausting his administrative remedies).[5]  Accordingly, the action will be dismissed without prejudice because Strouse failed to exhaust his administrative remedies.

---

[4] Strouse also notes that exhaustion of administrative remedies may be excused when a prisoner is under threat of retaliation or has been misled by prison officials.  (Pet'r's Resp. 13 (citations omitted).)  Strouse, however, fails to present evidence plausibly demonstrating that threats of retaliation or misrepresentations by prison officials prevented him from exhausting his administrative remedies.  Rather, the record reflects the lack of exhaustion flows from Strouse's persistent failure to follow instructions.

[5] Strouse's current projected release date is June 8, 2021. (Coll Aff. ¶ 4 (citation omitted).)  Because Strouse has so much time left to serve, the two-month delay in providing him with the DHO Report failed to render pursuit of the administrative remedy process futile.  Staples, 370 F. App'x at 930 (concluding delay in providing the petitioner with the DHO Report did not prejudice the petitioner because the petitioner had ample time to pursue an administrative appeal before his projected release date).

## IV.   CONCLUSION

Wilson's Motion for Summary Judgment (ECF No. 31) will be granted. The action will be dismissed without prejudice.   The Court will grant Strouse's "Motion to Petition this Court to Take Judicial Notice" (ECF No. 26)[6] to the extent that the Court has reviewed the authority stated therein.   Strouse's outstanding motions[7] (ECF Nos. 27, 30, 34-45, 49, 52-53, 56-57, 62-63) will be denied.   Wilson's Motion to Dismiss (ECF No. 46) will be denied as moot.

---

[6] The Court corrects the capitalization and spelling in the quoting the titles of Strouse's numerous motions.

[7] Strouse filed the following motions:  "Motion for Summary of Judgment Pursuant to Laws of United States Constitution," ECF No. 27; "Motion for Order to Seal above Styled Case," ECF No. 30; "Motion to Appoint Counsel," ECF No. 34; "Motion to Jury Trial for Summary of Judgment," ECF No. 35; "Motion Reinstate Document # 8 . . .," ECF No. 36; "Motion to Readd Unit Mgr. Kiddy," ECF No. 37; "Motion to Order Postal Service to Investigate FCC Petersburg Mail Room and SIS," ECF No. 38; "Motion [to] Restore Good Conduct Time," ECF No. 39; "Motion [for] Reimbursement of Cost(s)," ECF No. 40; "Motion to Modify Memorandum for Lawful Use of UCC, IRS, Standard Form(s)," ECF No. 41; "Motion to Restrain Bureau of Prisons . . .," ECF No. 42; "Motion [to] Return Confiscated Property," ECF No. 43; "Motion to Recuse Assistant United States Attorney," ECF No. 44; "Motion [for] . . . Summary of Judgment 60(b)," ECF No. 45; "Motion [to] Recuse United States Assistant Attorney from Representation of 'BOP,'" ECF No. 49; "Motion for Evidentiary Hearing," ECF No. 52; "Motion to Appoint Counsel," ECF No. 53; "Motion to Order Bureau of Prisons to Unblock Access to Federal Center by Email . . .," ECF No. 56; "Petition to Seal Case . . .," ECF No. 57; Request to "Order Bureau of Prisons FCC Petersburg [to] Release Legal Property . . .," ECF No. 62; Request to "Order Dismiss Previous Motion for Bureau of Prisons [to] Release Legal Property," ECF No. 63; Motion for "Contempt Order on SIS Bernardo," ECF No. 65; and Request for "Declaration for Entry of Default," ECF No. 66.

15

The Clerk is directed to send a copy of this Memorandum Opinion to Strouse and counsel of record.

/s/ _REP_

Robert E. Payne
Senior United States District Judge

Date: *March 4, 2014*
Richmond, Virginia