IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



JAMES STROUSE,

    Petitioner,

v.　　　　　　　　　　　　　　　　　Civil Action No. 3:12CV653

BUREAU OF PRISONS, et al.,

    Respondents.

## MEMORANDUM OPINION

By Memorandum Opinion and Order entered on March 4, 2014, the Court dismissed without prejudice a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by James Strouse because Strouse had failed to properly exhaust his administrative remedies. (ECF Nos. 68-69.) On June 13, 2016, the Court received from Strouse a motion seeking relief under Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6) Motion," ECF No. 91.) By Memorandum Opinion and Order entered on July 1, 2016, the Court denied the Rule 60(b)(6) Motion. (ECF Nos. 92, 93.) On July 18, 2016, the Court received from Strouse a document titled, "ON PETITION FOR CERTIFICATION OF QUESTION OF LAW TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA, RICHMOND DIVISION ECF NO.26, TAKE JUDICIAL NOTICE, GRANTED MARCH 4, 2014 PURSUANT TO RULE 60(b)(4) OF FED.R.CIV.P." ("Rule 60(b)(4)," ECF Nos. 94, 95).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (quoting Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." Id. (citing Werner, 731 F.2d at 207). Strouse seeks relief under Rule 60(b)(4), hence, under Federal Rule of Civil Procedure 60(c)(1) he was required to file his motion within a reasonable time after the entry of the March 4, 2014 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1)( "A motion under Rule 60(b) must be made within a reasonable time-and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.") Strouse's Rule 60(b) Motion, filed more than two (2) years after the entry of the challenged judgment, was not filed in a reasonable time. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245 (4th Cir. 1974); Consol. Masonry &

2

<u>Fireproofing, Inc. v. Wagman Constr. Corp.</u>, 383 F.2d 249 (4th Cir. 1967))). Moreover, Strouse's Rule 60(b)(4) Motion fails to articulate any coherent explanation as to how the Court erred in entering the March 4, 2014 Memorandum Opinion and Order. Accordingly, Strouse's Rule 60(b)(4) Motion (ECF Nos. 94, 95) will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Strouse and counsel for the United States.

Date: October 17, 2016
Richmond, Virginia

/s/ REP
Robert E. Payne
Senior United States District Judge

3